UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIGAR BABARIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ANTONY J. BLINKEN, et al., <br><br> Defendants. | Case No. 22-cv-05521-SI <br><br> **ORDER GRANTING MOTION TO STAY PROCEEDINGS** <br><br> Re: Dkt. No. 23 |

Before the Court is the defendants' motion to stay proceedings pending resolution of plaintiffs' appeal of this Court's decision denying their motion for a preliminary injunction. Dkt. No. 23. Plaintiffs have not responded to the motion to stay proceedings. For the reasons discussed below, the motion is **GRANTED.**

## BACKGROUND[1]

At issue in this case is the process by which defendant United States Citizenship and Immigration Services (USCIS) and the United States Department of State (DOS) allocate immigrant visas, which allow the holder to live permanently in the United States. Dkt. No. 14 at 12. Plaintiffs are Indian citizens who currently reside in the United States in non-immigrant status and who have applied for EB-2 immigrant visas. Dkt. No. 1 ¶¶ 1–92, 130–134. Each plaintiff had a visa number available at the time of application but no longer has a visa number available due to visa retrogression. Dkt. No. 9 at 7–9. Because the government requires that a visa number be available both at the time of application and at the time of adjudication of the application, plaintiffs' visa applications have not been adjudicated. Dkt. No. 1 ¶¶ 149–51. Plaintiffs assert that defendants' refusal to adjudicate the applications is in violation of the Administrative Procedure Act. *Id.* ¶¶ 160–

---

[1] A fuller discussion of the background of this case is found in this court's Order Denying Motion for Preliminary Injunction. Dkt. No. 19.

175.

Plaintiffs brought suit on September 27, 2022. Dkt. No. 1. The next day they moved for a temporary restraining order requiring defendants to adjudicate plaintiffs' applications. Dkt. No. 9. Defendants opposed. Dkt. No. 14. The Court held a hearing on the motion; at plaintiffs' request, the Court treated the motion as one for a preliminary injunction. Dkt. No. 17. The Court denied the motion on October 18, 2022, finding that there was little to no likelihood of success on the merits, plaintiffs would not suffer extreme harm absent an injunction, and the public interest and balance of the equities favored defendants. Dkt. No. 19.

Plaintiffs appealed the denial of their motion for a preliminary injunction to the Ninth Circuit. *See Babaria v. Blinken*, No. 22-16700 (9th Cir.). The appeal was consolidated with two other cases, *Singh v. Jaddou*, No. 22-35702 (9th Cir. filed Sept. 2, 2022), and *Datta v. Jaddou*, No. 22-35773 (9th Cir. filed Sept. 30, 2022). Briefing is nearly complete and oral argument is set for March 2023. *See Babaria v. Blinken*, No. 22-16700, Dkt. No. 15 (Dec. 21, 2022). Defendants seek a stay pending the Ninth Circuit's decision. Dkt. No. 23.

**LEGAL STANDARD**

"A district court has discretionary power to stay proceedings in its own court." *Lockyear v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). When deciding whether to grant a *Landis* stay, courts must weigh competing interests including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.3d 265, 269 (9th Cir. 1962)).

**DISCUSSION**

**I.  Hardship if Stay is Granted**

A party requesting a stay must "make out a clear case of hardship or inequity in being required to go forward" if there is "a fair possibility" that granting a stay will cause hardship. *Landis*

*v. North American Co.*, 200 U.S. 248, 255 (1936). Here, however, plaintiffs have not identified any harm that will come to them if a stay is granted. Courts "are generally unwilling to presume delay is harmful without specific supporting evidence." *Aliphcom v. Fitbit, Inc.*, 154 F.Supp.3d 933, 938 (N.D. Cal. Dec. 30, 2015). A stay of this litigation will not affect USCIS's ability to process plaintiffs' applications and will not impact plaintiffs' current lawful non-immigrant status. *See* Dkt. No. 1 ¶ 134. Even if plaintiffs prevail on appeal, when and whether their visa applications will be approved is speculative.

Further, in this case "any generalized risk of delayed litigation is minimized by the fact that the [appeal] is moving forward on a comparatively expedited schedule." *Id.* Oral argument in the appeal is scheduled for March 2023. *See Babaria v. Blinken*, No. 22-16700, Dkt. No. 15 (Dec. 21, 2022). This factor does not weigh against granting a stay.

## II.     Hardship if Stay is Denied

Defendants argue that they would be harmed by duplication of litigation if a stay is denied. Defendants identify four other cases in the district that raise "significantly overlap[ping]" issues. Dkt. No. 23 at 8. Three of those cases are now stayed. *See Barretto v. Jaddou*, No. 22-cv-4869-DMR, Dkt. No. 18, at *1 (N.D. Cal. Jan. 10, 2023) (staying case pending appeal); *Sandara v. Jaddou*, No. 22-cv-4334-DMR, Dkt. No. 24, at *1 (N.D. Cal. Jan. 10, 2023) (staying case pending appeal); *Bojja v. Jaddou*, No. 22-cv4867-VKD (N.D. Cal. Jan. 10, 2023) (staying case pursuant to stipulation of parties). "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyear v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005); *see Aliphcom v. Fitbit, Inc.*, 154 F.Supp.3d 933, 938 (N.D. Cal. Dec. 30, 2015) (finding hardship factor neutral where only hardship was "having to proceed with the lawsuit"). Thus, this factor is neutral.

## III.    Judicial Economy and the Orderly Course of Justice

Judicial economy heavily favors granting a stay. *See Gustavson v. Mars, Inc.*, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) ("[C]onsiderations of judicial economy are highly

3

1  relevant."). The Court must consider "the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX*, 300 F.3d at 268). Many of the issues and legal theories being argued on appeal are identical to those raised in the case as a whole. The Ninth Circuit's decision in the appeal "is likely to provide substantial guidance that will impact the court's decisions in this case and may resolve Plaintiff's claims altogether." *Barretto v. Jaddou*, No. 22-cv-4869-DMR, Dkt. No. 18, at *1 (N.D. Cal. Jan. 10, 2023). Waiting for the Ninth Circuit's decision would promote judicial economy by preventing the parties from litigating the same issues in multiple courts.

A stay will also minimize the risk of inconsistent rulings. The relief sought in this case is nearly identical to that sought in the preliminary injunction that is being appealed. *Compare* Dkt. No. 1 ¶¶ 181–88 *with* Dkt. No. 9 at 20. Should this Court come to a final decision before the appeal is decided, that decision could be inconsistent with the Ninth Circuit's reasoning. Because the decision in the appeal will "substantially advance the resolution of the parties' dispute," this factor favors granting a stay. *Aliphcom v. Fitbit, Inc.*, 154 F.Supp.3d 933, 939 (N.D. Cal. Dec. 30, 2015).

Because the balancing of hardships is neutral but judicial economy weighs heavily in favor of granting a stay, the Court stays this action pending resolution of the appeal of this Court's order denying a preliminary injunction.

## CONCLUSION

Defendants' motion to stay proceedings is **GRANTED.**

**IT IS SO ORDERED**.

Dated: January 13, 2023

SUSAN ILLSTON
January 13, 2023

4